[Cite as *State v. Johnson*, 2020-Ohio-1072.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 CA 00054 |
| MARKEITH JOHNSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No.  2018 CR 0767


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT ENTRY:       March 19, 2020


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

GARY BISHOP                                DALE M. MUSILLI
PROSECUTING ATTORNEY               105 Sturges Avenue
JOSEPH C. SNYDER                        Mansfield, Ohio  44903
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

*Wise, John, P. J.*

**{¶1}** Defendant-Appellant Markeith Johnson appeals his conviction entered in the Richland County Court of Common Pleas following a no contest plea to one count of carrying a concealed weapon and one count of possession of marijuana.

**{¶2}** Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** For purposes of this appeal, the facts and procedural history are as follows:

**{¶4}** On August 10, 2018, Officer Matthew Davis with Mansfield Police Department was on patrol when he received a call from dispatch regarding a man with a gun at a Quickmart. (T. at 6-7). Upon approaching the store, Officer Davis could see two people at the front counter of the store and one of them had a gun in his waistband. (T. at 6, 9). Officer Davis detained the man with the firearm who was identified as Chris Cross. (T. at 6-7). As soon as Officer Davis approached Mr. Cross and addressed his possession of a concealed firearm, the man began declaring that the gun belonged to Appellant Markeith Johnson. (T. at 9). Officer Davis then inquired of Appellant as to the truth of that claim. (T. at 9). Appellant admitted that the gun was his. *Id.*

**{¶5}** Officer Kiner arrived on scene as backup and patted down Appellant at Officer Davis' request. (T. at 7). As Officer Kiner started to pat down Appellant, he asked him if he had a weapon on him. (T. at 17). Appellant then admitted to having a firearm on his person, concealed by his shirt and waistband of his pants. (T. at 17, 19). A firearm was then located on Appellant. (T. at 10). Officer Davis determined Appellant to not have a valid carrying concealed weapon license. *Id.* While Officer Kiner was patting down Appellant, he detected an odor of marijuana and made Appellant aware of this. (T. at 19).

Appellant admitted that he had marijuana in his pants pocket. (T. at 19). He also admitted to not having a valid carrying concealed weapon license. (T. at 19- 20).

{¶6}  On September 7, 2018, Appellant was indicted in a two-count indictment. Count One charged Appellant with Carrying a Concealed Weapon in violation of R.C. §2923.12(A)(2), a felony of the fourth-degree. Count Two charged Appellant with Possession of Marijuana in violation of R.C. §2925.11(A), a minor misdemeanor. Count One also included a forfeiture specification under R.C. §2941.1417.

{¶7}  On January 9, 2019, Appellant filed a Motion to Suppress.

{¶8}  On February 19, 2019 a hearing was held on Appellant's motion.

{¶9}  By Judgment Entry filed March 8, 2019, the trial court overruled Appellant's motion to suppress.

{¶10} On March 27, 2019, Appellant entered a plea of no contest.

{¶11} On May 15, 2019, the trial court sentenced Appellant to thirty (30) months of community control with an eighteen (18) month suspended sentence. The firearm was ordered forfeited.

{¶12} Appellant now appeals, assigning the following error for review:

ASSIGNMENT OF ERROR

{¶13} "I. THE TRIAL COURT ERRED FINDING THAT THE SEARCH DID NOT VIOLATE APPELLANT'S FOURTH AMENDMENT RIGHTS."

I.

{¶14} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion to suppress evidence. We disagree.

**{¶15}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37, 619 N.E.2d 1141 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 641 N.E.2d 1172 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623, 620 N.E.2d 906 (4th Dist.1993); *Guysinger*. As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

**{¶16}** Here, Appellant argues the trial court erred in finding that the officers had reasonable suspicion to conduct a pat-down search of his person. The State argues that the pat-down search was permissible to ensure the safety of the officers.

**{¶17}** A pat-down search is permissible under *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, to ensure officer safety. Officers must hold a reasonable belief that a detainee poses a threat to the officer's safety or the safety of others to justify a "pat-down" search. *Id.* at 28, 88 S.Ct. 1868, 20 L.Ed.2d 889. To justify a pat-down search, an officer must point to specific, articulable facts that create a "reasonable individualized suspicion that the suspect is armed and dangerous [.]" (Emphasis omitted.) *State v. Roberts*, 2d Dist. Montgomery No. 23219, 2010-Ohio-300, 2010 WL 334913, ¶ 18, citing *Terry* at 27, 88 S.Ct. 1868. (Other citations omitted.) "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (Citations and footnote omitted.) *Terry* at 27, 88 S.Ct. 1868.

**{¶18}** The existence of reasonable suspicion is determined by evaluating the totality of the circumstances. (Citations omitted.) *State v. Heard*, 2d Dist. Montgomery No. 19323, 2003-Ohio-1047, 2003 WL 860692, ¶14. "These circumstances must be considered 'through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold.' " *State v. White*, 2d Dist. Montgomery No. 18731, 2002 WL 63294, (Jan. 18, 2002), quoting *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991).

**{¶19}** In the instant case, one man armed with a firearm was readily visible when the officers arrived. It was also immediately made known to the officers that Appellant was with the man with the firearm and that he had given him the weapon. Based on those facts, we find that the officers' suspicion that Appellant might also have another weapon

on his person to be reasonable. When asked, prior to the commencement of the pat-down search, Appellant admitted to the officers that he did in fact have a forearm on his person.

{¶20} We therefore find the totality of these facts and circumstances, viewed objectively through the eyes of the officers on the scene, warranted a reasonable belief that Appellant could have been armed and thus justified a pat-down search for weapons.

{¶21} For the reasons set forth above, we find Appellant's sole assignment of error is without merit and hereby overrule same.

{¶22} The judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0303